UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ARTHUR LEE SCOTT | CIVIL ACTION NO. 3:10-cv-0563 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| LARRY G. COX, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Arthur Lee Scott, proceeding *in forma pauperis* (IFP), filed the instant civil rights complaint on March 30, 2010. When he filed this complaint he was an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he was incarcerated at the Madison Parish Correctional Center, Tallulah, Louisiana, and he complained of conditions of confinement at that facility.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to the provisions of Rule 41 of the Federal Rules of Civil Procedure and Local Rule 41.3 of this Court.

*Statement of the Facts*

Plaintiff filed his *pro se* civil rights complaint on March 30, 2010 [Doc. #1] and his application to proceed IFP on April 20, 2010. [Doc. #4] On April 23, 2010, he was granted leave to proceed IFP. [Doc. #5] On July 1, 2010, plaintiff was directed to amend his complaint on or before August 2, 2010, to provide more specific factual support for his claims. [Doc. #6] On September 20, 2010, when plaintiff failed to respond to the amend order, a Notice of Intent to Dismiss was

mailed to the address previously provided. [Doc. #7] That Notice was returned by the United States Postal Service with the following remarks, "Return to Sender, Inmate no longer at this facility." [Doc. #8] Plaintiff has not contacted the court nor provided a current address.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the clerk of court's correspondence was returned indicating that plaintiff was no longer incarcerated at the Ouachita Correctional Center and plaintiff has not updated his address, and this violation of LR41.3W warrants dismissal of the complaint.[1] Therefore,

---

[1] The undersigned further finds that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the]

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, November 8, 2010.

_____
U.S. Magistrate Judge

---

plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a local court rule and has not even attempted to contact the court since he filed his complaint and request to proceed ifp. Furthermore, since plaintiff is proceeding in forma pauperis, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action. Finally, plaintiff's unrepentant flaunting of LR41.3W reflects his own contumaciousness or "stubborn resistance to authority" which is personally attributable to him as a pro se litigant. Finally, the claims asserted herein appear to be prescribed since the events complained of occurred more than one year prior to the date that plaintiff filed this suit.